UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| FABIAN N. MARK, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No._____ ) |
| SHD LEGAL GROUP, P.A., a Florida professional association, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR VIOLATIONS OF THE FDCPA
## JURY DEMAND

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under Fair Debt Collection Practices Act 28 U.S.C. §1331, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, Fabian N. Mark ("Plaintiff"), is a natural person, who at all times relevant herein was a resident of Broward County, Florida.

4. Plaintiff is a consumer within the meaning of 15 U.S.C. §1692a(3).

5. Defendant, SHD Legal Group, P.A. ("Defendant"), is a Florida professional association whose principal address is at 2691 E. Oakland Park Blvd., Ste. 102, Ft. Lauderdale, FL 33306, and whose registered agent for service of process in the State of Florida is Roy A. Diaz, 2691 E. Oakland Park Blvd., Ste. 102, Ft. Lauderdale, FL 33306.

6. Defendant, a law firm, "regularly," *through litigation*, attempts to collect consumer debts and is therefore a debt collector within the meaning of 15 U.S.C. 1692a(6).

## FACTUAL ALLEGATIONS

7. On or about February 28, 2013, Defendant initiated a civil action against Plaintiff seeking a money judgment from Plaintiff arising from a debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the alleged debt at issue was a promissory note dated November 30, 2004, secured by a mortgage on Plaintiff's personal residence.

8. The alleged debt arises from Plaintiff's ownership of his house which, when purchased, was his primary residence, and where he currently resides.

9. Attached to the complaint was a summons, which reads in part:

> "You have twenty 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court."

10. Served in conjunction with the summons and complaint was notice entitled, "**FAIR DEBT COLLECTION PRACTICES ACT VALIDATION**" (the "Notice").

11. The paragraph beginning with the words "Debt Owed:" states in part:

   *"As of the date of this verification, **you owe** $218,892.51." (emphasis added).*

12. The Notice further states:

   *"Unless you dispute this debt, or any portion of it, within (30) days after you receive this notice, the undersigned will assume that said debt is valid.*

13. The following paragraph of the Notice states:

   *"If you notify the undersigned attorney in writing within the said (30) day period that the aforesaid debt, or any portion thereof, is disputed, the undersigned attorney will obtain written verification of the debt and mail it to you."*

14. The next to last paragraph of the Notice states:

   *"Even though you are required to file a response to the lawsuit prior to the thirty (30) days, your **validation rights**, as set forth in this notice, shall not expire for thirty (30) days." (emphasis added).*

15. Finally, the last paragraph of the Notice states:

   *"if you do dispute this debt in writing in the thirty(30) day period, we will suspend collection until we send you verification."*

16. The Notice and its contents falsely convey that the filing of a summons and complaint triggers the consumer's right to dispute under § 1692g of the FDCPA when, in fact, it does not.

17. The Notice, even though it states that the Plaintiff, pursuant to the Notice, has "validation rights," no such rights vest with the Notice. This is because a complaint is not considered an "initial communication" for purposes of § 1692g(a). *See* 15 U.S.C. § 1692g(d); *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003).

18. Because no validation rights vest with the Plaintiff with the receipt of the Notice, the Defendant is under no obligation to cease collection efforts upon receipt of a dispute and may collect at will, with impunity, even though the Notice indicates that collection efforts will cease.

19. The standard for evaluating violations of the FDCPA is not whether the individual plaintiff was confused or deceived but whether "the least sophisticated consumer would be confused or deceived by Defendant's actions. *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-78 (11th Cir. 1985).

20. A misleading, deceptive, confusing (and ultimately, unnecessary) notice accompanying a foreclosure complaint is a violation of § 1692e of the FDCPA. *See Battle v. Gladstone Law Group, P.A.*, 951 F. Supp. 2d 1310 (S.D. Fla. 2013) (The "least sophisticated consumer" could be deceived or confused when the

summons sets out a 20–day deadline to respond to the lawsuit and the attached notice provides for a 30–day deadline to request validation of the debt).

21. Because the "least sophisticated consumer" could be deceived or confused by the inclusion of an FDCPA notice incorporated into a mortgage foreclosure complaint (especially one which misstates the law), such a notice does not effectively convey the rights of the consumer who has been served with the complaint.

22. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S. Ct. 1605 (U.S. April 21, 2010).

## COUNT I - VIOLATIONS OF 15 U.S.C. § 1692e

23. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

24. Defendant's superfluous and misleading Notice incorrectly states that the Notice vests the Plaintiff with "validation rights" under the FDCPA. This statement is false, deceptive and misleading because the notice is not required. Further, the filing of a summons and complaint does not invoke Defendant's right to dispute under § 1692g. Since Defendant is never vested with the right to dispute under § 1692g, Plaintiff is under no legal obligation whatsoever to respond to the

dispute, even though the Notice states otherwise. Such a Notice included with the Complaint is deceptive to the least sophisticated consumer with respect to their rights as both a consumer and a litigant and consequently violative of 15 U.S.C. §§ 1692e, 1692e(10).

25.     Additionally, Defendant's superfluous and misleading Notice also incorrectly suggests that a consumer must file a written dispute within thirty (30) days. To many consumers, this Notice would overshadow the time frame necessary to file a response with the Court as explained in the Summons. Should a consumer wait until the thirtieth day to file a response, the consumer will already be in default in accordance with the Summons. In sum, the Notice included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violative of 15 U.S.C. §§ 1692e, 1692e(10).

26.     Furthermore, Defendant's superfluous and misleading Notice incorrectly states that a consumer must dispute a debt within thirty (30) days. Many consumers believe that this dispute should be directed to the Court.  Should a consumer first respond to the Notice (as opposed to the allegations within the lawsuit itself), their response will then be deemed an Answer.  Once a consumer has filed an Answer, they have waived many of their legal rights and defenses, including but not limited to: (1) the right to contest service of process; (2) the right

to seek a more definite statement; and (3) the right to file a motion to dismiss. In sum, the Notice included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violative of 15 U.S.C. §§ 1692e, 1692e(10).

WHEREFORE, Plaintiff Fabian N. Mark requests that this Court enter judgment in his favor and against Defendant SHD Legal Group, P.A., for:

a. Statutory damages pursuant to 15 U.S.C. §1692k;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 27, 2014.

Respectfully submitted,

**SCOTT D. OWENS, ESQ.**
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
(954) 589-0588 Phone
(954) 337-0666 Fax
Florida Bar No. 0597651
scott@scottdowens.com

By: s/ *Scott D. Owens*
    Scott D. Owens, Esq.